**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MERCIER CARDAN WALTER-WELCH
ROTHSCHILD,

     Plaintiff - Appellant,

v.

SARAH ROCKEFELLER
CORPORATION; ARAPAHOE COUNTY
CORPORATION; PAROLE FOR THE
STATE OF COLORADO
CORPORATION; CU-FAMILY
MEDICINE LANDMARK
CORPORATION,

     Defendants - Appellees.

No. 25-1405
(D.C. No. 1:25-CV-02086-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.

_____

Mercier Cardan Walter-Welch Rothschild, a former Colorado state inmate

proceeding pro se,[1] appeals a district court order dismissing his § 1983 complaint

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Rothschild proceeds pro se, we review his filings liberally. _See_
_Trackwell v. U.S. Gov't_, 472 F.3d 1242, 1243 (10th Cir. 2007).

without prejudice for failure to cure deficiencies. For the following reasons, we AFFIRM the district court's dismissal and DENY Rothschild's motion to proceed in forma pauperis ("IFP").

Rothschild initiated this pro se action in the United States District Court for the District of Colorado on July 7, 2025, by filing a prisoner complaint and a Motion for Leave to Proceed under 28 U.S.C. § 1915. In his complaint, Rothschild alleged a host of constitutional violations perpetrated by his public defender, Sarah Rockefeller; Arapahoe County; the Parole Division of the Colorado Department of Corrections; and the CU Medicine Family Medicine-Landmark medical group. Without reaching the merits of Rothschild's claim, a magistrate judge identified several deficiencies in both Rothschild's complaint and his § 1915 motion. As a result, on July 8, 2025, the magistrate judge ordered Rothschild to cure those deficiencies within thirty days.

On his second attempt, Rothschild cured some deficiencies but created others. Namely, Rothschild failed to complete his prisoner complaint on a court-approved form. And so, on August 12, 2025, the magistrate judge again entered an order directing Rothschild to cure his deficient complaint within thirty days. And again, Rothschild filed an incomplete prisoner complaint form. This time, in response to Rothschild's failure to cure, the district court dismissed the complaint without prejudice. The district court further certified that if Rothschild appealed its decision, that appeal would not be in good faith. On that basis, it denied Rothschild IFP status for purposes of an appeal. Although the district court's dismissal was without

prejudice, and Rothschild could thus have refiled his complaint in district court, he instead filed a notice of appeal on October 16, 2025.

We review a district court's dismissal without prejudice for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We have noted that "when dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious*, 492 F.3d at 1162).

On appeal, Rothschild does not explain why he failed to inform the district court of the reason he could not cure the deficiencies in his complaint. Because Rothschild failed to raise that issue before the district court, we affirm the dismissal without prejudice.

We further agree with the district court that Rothschild lacks a good faith basis for appeal. Because Rothschild has not put forward a nonfrivolous argument on appeal, we deny his motion to proceed IFP. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).[2]

Entered for the Court

Per Curiam

---

[2] We deny all other pending motions.